IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARK A. DRAZIC,

        Plaintiff,

v.

NCR CORPORATION,

        Defendant.

8:19CV511

**ORDER**

    This matter is before the Court on defendant NCR Corporation's ("NCR") Motion to Dismiss and Compel Arbitration (Filing No. 5) against plaintiff Mark A. Drazic ("Drazic").

    NCR employed Drazic from December 2, 2002, until April 17, 2018, at which time NCR fired Drazic. On October 15, 2019, Drazic sued NCR in the District Court of Douglas County, Nebraska, asserting various claims for employment discrimination and retaliation under (1) the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, (2) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*, and (3) the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. § 48-1101 *et seq.*

    On November 21, 2019, NCR removed (Filing No. 1), *see* 28 U.S.C. § 1446, the case to this Court alleging federal-question jurisdiction over Drazic's ADEA and Title VII claims, *see id.* § 1331, and supplemental jurisdiction over Drazic's NFEPA claims, *see id.* § 1367(a).

    Upon removing the case, NCR filed the present motion under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, Federal Rule of Civil Procedure 56 and Section 4 of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, requesting the Court compel arbitration of Drazic's claims and dismiss this action.

    NCR submitted as an exhibit in support of its motion a "Mutual Agreement to Arbitrate Claims" (Filing No. 7-1) signed by Drazic on April 3, 2005 ("agreement"). The agreement is between Drazic and Retalix USA ("Retalix"), a company NCR claims is its predecessor

corporation. Under that agreement, the parties agree to arbitrate disputes regarding employment termination. The agreement expressly states it applies to claims against Retalix's "successors."

In his opposition brief, Drazic does not deny he signed the agreement. Drazic instead argues NCR did not prove the agreement "is valid and enforceable, or that as a non-signatory NCR has the right to enforce the" agreement. Drazic notes NCR did not properly authenticate the agreement with an affidavit, *see* NECivR 7.1(a)(2)(c), or provide other "evidence to support its claim that it is a corporate successor to" Retalix.

Drazic also requests the Court not convert NCR's motion into one for summary judgment, *see* Fed. R. Civ. P. 12(c), because "it would be prejudicial to Drazic" to do so without an opportunity "to obtain and present evidence pertinent to the motion." Drazic specifically requests the opportunity to seek through discovery evidence "on the issue of arbitrability," such as NCR's "claims that the Agreement is valid and enforceable, and that NCR is a corporate successor to Retalix" and "to test the veracity of the evidence."

In response, NCR submitted an index of evidence (Filing No. 11-1) to attempt to address the shortcomings noted by Drazic. The index includes (1) an affidavit of NCR's Law Vice President and Chief Corporate Counsel declaring (a) NCR kept the agreement in the course of regular business and Drazic signed the agreement, (b) Retalix and NCR merged and publicly filed the Articles of Merger with the Maryland Secretary of State, and (c) NCR was the surviving entity of the merger and became Drazic's employer afterward; (2) another copy of the agreement; and (3) the Articles of Merger and documents from the Maryland Secretary of State documenting the merger.

Given that NCR submitted this additional evidence in its reply rather than with its original brief, it is only fair that Drazic should have a chance to respond should he choose to do so. In his response, Drazic should state, in light of the evidence now produced by Drazic, what discovery and additional information would be pertinent to "the issue of arbitrability," specifically, the issue of whether NCR is Retalix's corporate successor. Drazic must do so *with specificity* and must limit the scope of his response to that of NCR's reply and accompanying index of evidence.

Based on the foregoing, Drazic shall have until April 7, 2020, to submit the allowed response. Absent a response by that date, the Court will rule on NCR's motion based on the existing record without further notice.

IT IS SO ORDERED.

Dated this 23rd day of March 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge